**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THERESIA, | No. 08-71660 |
| Petitioner, | Agency No. A099-360-531 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012**

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Theresia, a native and citizen of Indonesia, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Over a period of ten years, Theresia claimed that Muslims robbed her on three occasions, an imam interrupted a prayer meeting and threatened her, and several young men loitered outside her home and asked for money. Theresia also testified she was discriminated against in college, and claimed her employer received bomb threats. Substantial evidence supports the BIA's finding that Theresia's experiences in Indonesia, considered individually or cumulatively, did not rise to the level of persecution. *See id*. at 1059-60. Substantial evidence also supports the BIA's finding that Theresia failed to establish a well-founded fear of future persecution because the record does not compel the conclusion that she demonstrated sufficient individualized risk, even under a disfavored group analysis. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009). In addition, the record does not compel the conclusion that there is a pattern or practice of persecution against Catholic Bataks in Indonesia. *See Wakkary*, 558 F.3d at 1060-62. Accordingly, Theresia's asylum claim fails.

Because Theresia failed to establish eligibility for asylum, she necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of CAT relief because Theresia failed to demonstrate it is more likely than not she would be tortured if returned to Indonesia. *See Wakkary*, 558 F.3d at 1068.

**PETITION FOR REVIEW DENIED.**